UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM DOUGLAS ELI COPE JR. III,            Plaintiff,

v.                          Civil Action No. 3:15-cv-P701-DJH

SOCIAL SECURITY ADMIN./DISABILITY
DETERMINATION BRD. *et al.*,            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, William Douglas Eli Cope Jr. III, filed the instant *pro se* action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections. As Defendants, he names the following: "Social Security Admin./Disability Determination Brd.[,]" which he identifies as "Claims Award processor"; Wanda J. Wilson, whom he identifies as the "Payee/Benificuary of claims"; and Trevor A. Smith, whom he identifies as "Disability Rep./Counsel."

Plaintiff states that in July 2014 he was scheduled for a disability determination hearing before an administrative judge where Defendant Smith was his attorney. He reports that he was involved in an intimate relationship with Defendant Wilson. He states that Defendant Wilson accompanied him to his hearing where she gave "her verbal verificationing to Trevor A. Smith that she wished/will be in charge over my income, assetts, and [that] all forms of backpyaments

should be mailed to her home address . . . ."  The bulk of Plaintiff's complaint concerns

Defendant Wilson, against whom he alleges many actions of wrongdoing.  He states that she

swore out a "false claim" to obtain an emergency protective order (EPO) against him.  He also

states as follows:

> Ms. Wilson used the court's system to violate me for residentual registry
> restrictions by informing my misdemeanor probation/parole officer and his branch
> supervisor that she would allow me to retain residents at her house on July 9th,
> 2014 as indicated in court records as well as recantational confessions given to a
> private investigator/detective for the Public Def. office in Aug. 2014.  She also
> cohersed and threatened me to allow her access to a full "power of attorney" form
> the jail notarized and a authorization for property release Aug/Sept. 2014 . . . .

Plaintiff contends that as a result Defendant Wilson gained access to his Social Security and food

stamp benefits.

Plaintiff further states that Defendant Wilson posted a full cash bond "by use of a forged

instrument and placed me at her uncles home right next door to her mothers address which was

also listed on her E.P.O. residential restraint order's locations, without providing the Bond Div.

accurate info."  He further maintains that Defendant Wilson "escorted me to attorney Trevor A.

Smith's office . . . demanding the check and info. for the backpayment benefits amount to be

made out to her name and sent to her . . . ."  He states that Defendant Smith instructed them to go

to the Social Security Office to process the claim "saying the sooner the better so he could retain

his fee's."  Plaintiff contends that they then went to the Social Security Office and that

Defendant Wilson threatened him with future criminal charges if he did not lie to ensure that she

would receive his Social Security benefits.  He represents that Defendant Wilson "gave many

personal made falsifications" and was given authorization to receive Plaintiff's benefits.

Plaintiff states that she later made further accusations against him so that he was sent back to jail

and she could receive his benefits.

Plaintiff also represents that he has requested records from the Social Security Administration's Custodian of Records "to show proof as factual evidence that can quite well aquitt me in a direct verdict to avoid a trial by jury" and that he has requested records from Defendant Smith.  However, he has not been able to obtain any of the records he has requested.

Plaintiff further maintains, "I want justice to be served to the fullest capabilities of the law on a state and federal scale towards all criminal acts by Ms. Wanda Joyce Wilson."  He states that he wants to press charges against her.  He also states, "I ask for reimbursement's of all funds that Judge John Price approved me upon his decision of fully favorable on the (13) month's owed to me . . . ."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

3

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory

rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

## A. Defendant Social Security Admin./Disability Determination Bd.

Plaintiff's claim against Defendant Social Security Admin./Disability Determination Brd. is not entirely clear. However, a *Bivens* claim may not be stated against a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994); *Bowman v. Hamilton Cty. Dep't of Jobs and Family Servs.*, No. 1:14-cv-702, 2014 U.S. Dist. LEXIS 149143, at *10 (S.D. Ohio Sept. 9, 2014). Therefore, Plaintiff's *Bivens* claim against the Social Security Administration will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff is seeking to be awarded Social Security benefits, this Court lacks jurisdiction to address his claim. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) exhaustion of administrative remedies, and (2) a final decision issued by the Commissioner of Social Security. *See Pohlmeyer v. Sec'y of Health and Human Serv.*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). Before an individual may obtain judicial review of a claim for benefits, he must exhaust a four-step administrative process before the Social Security Administration: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4);

416.1400(a)(1)-(4).  When an individual has completed these four steps, the agency will have

made its final decision and the individual may request judicial review by filing an action in a

federal district court.  *See* §§ 404.900(a)(5); 416.1400(a)(5); *Atkin v. Lewis*, 232 F. Supp. 2d 770,

773 (N.D. Ohio 2002).

Nothing in the complaint suggests that Plaintiff has made any efforts to exhaust his

administrative remedies.  In fact, it appears that he was awarded disability benefits.

Accordingly, Plaintiff's claim against Defendant Social Security Administration seeking the

award of benefits will be dismissed for lack of subject-matter jurisdiction.  *See* Fed. R. Civ.

P. 12(h)(3).

Moreover, to the extent that Plaintiff is attempting to allege a claim under the Federal

Tort Claims Act (FTCA), a FTCA claim is only permitted against a federal agency where the

Plaintiff has named the United States as the proper defendant and has exhausted his

administrative remedies by filing an administrative claim under the FTCA prior to filing a

federal lawsuit.  Plaintiff has not done so here, and a failure to do so "results in a fatal lack of

jurisdiction."  *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).  Accordingly, any

claim under the FTCA will also be dismissed for lack of subject-matter jurisdiction.

**B.  Defendants Wilson and Smith**

To state a claim under *Bivens*, a plaintiff must allege that a federal officer acted under

federal law to deprive plaintiff of a constitutional right.  *Bivens*, 403 U.S. at 389.  Plaintiff

contends that Defendant Wilson gained access to his government benefits through fraud and

deception.  It is clear from the complaint that Defendant Wilson is not a federal officer and

cannot be held liable under *Bivens*.  To the extent that Plaintiff is attempting to press criminal

charges against Defendant Wilson in this action, as a private citizen, Plaintiff does not have a

constitutional right to initiate or compel the initiation of criminal proceedings against another

individual.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American

jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another."); *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y.

2007) ("A private citizen does not have a constitutional right to compel government officials to

arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn.

2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator

investigated or criminally prosecuted."); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D.

Ohio 2002).  Therefore, Plaintiff cannot seek criminal charges against Defendant Wilson in this

civil action.  Accordingly, Plaintiff's claims against Defendant Wilson will be dismissed for

failure to state a claim upon which relief may be granted.

Likewise, Plaintiff cannot state a *Bivens* claim against Defendant Smith, Plaintiff's

attorney who represented him in his Social Security hearing.  An attorney is not a state actor for

purposes of *Bivens*.  *See Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A]

lawyer representing a client is not, by virtue of being an officer of the court, a state actor under

color of state law within the meaning of § 1983.") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325

(1981)).  Accordingly, Plaintiff's claim against Defendant Smith will be dismissed for failure to

state a claim upon which relief may be granted.

For the reasons stated herein, the Court will enter a separate Order dismissing the action.

Date:   January 28, 2016

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4415.010

7